UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAEED ALI,

                Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                Defendants.

No. C07-0595MJP

ORDER GRANTING MOTION TO REMAND TO USCIS FOR ADJUDICATION OF NATURALIZATION APPLICATION

      This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government has filed a brief that is both a response to the Court's Order to Show Cause as well as a Motion to Remand. (Dkt. No. 4.) Having reviewed the Government's Response, Plaintiff's Response (Dkt. No. 5), the Government's Reply (Dkt. No. 7), all documents submitted in support thereof, and the record in this case, the Court GRANTS the Government's motion to remand.

**Background**

      Plaintiff Saeed Ali was born in Somalia and has been a Legal Permanent Resident since August 25, 2000. On September 23, 2005, Mr. Ali filed an application for naturalization. (Dkt. No. 5-2, Ex. B.) On January 9, 2006, the United States Citizen and Immigration Services (USCIS) interviewed Mr. Ali and Mr. Ali passed the English language, U.S. history, and government tests. (Id., Ex. C.) As of March 2, 2007, when he filed his complaint,[1] USCIS had not issued a decision on

---

[1] Plaintiff's claims are presented in an amended complaint originally filed in Shamdeen v. Gonzales, C07-0164MJP. The amended complaint in case number C07-0164MJP included claims by fifteen plaintiffs. On April 23, 2007, the Court issued an order severing the claims of the plaintiffs named

ORDER - 1

Mr. Ali's naturalization application. In his complaint, Mr. Ali asserted that the only reason USCIS had not adjudicated his naturalization application was because the Federal Bureau of Investigation (FBI) had not completed its "name check" of Mr. Ali.

On April 25, 2007, the Court ordered the Government to show cause why the Court should not grant Mr. Ali's application for naturalization. (Dkt. No. 2.) In its response, the Government asserts that the FBI has completed Mr. Ali's name check investigation.[2] The Government offers the declaration of Shelly Langlais, Supervisory District Adjudications Officer for the USCIS Seattle Field Office, in which Ms. Langlais testifies that all security checks of Mr. Ali are now complete. (Dkt. No. 4-2, Langlais Decl. ¶ 5.) The Government states that USCIS is now prepared to adjudicate Mr. Ali's citizenship application once his case is remanded from this Court. Even though the Government is ready to adjudicate Mr. Ali's application, Mr. Ali opposes the Government's motion to remand and requests that this Court grant his naturalization application.

**Discussion**

**I.    Jurisdiction**

The Court has jurisdiction over this matter. As the Government is well aware, this Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b). Weir v. Gonzales, Case No. C07-0074MJP, 2007 U.S. Dist. LEXIS 35115 (W.D. Wash. May 14, 2007); Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). 8 U.S.C. § 1447(b) provides as follows:

---

in the amended complaint, including claims brought by Mr. Ali, into separate cases. See Shamdeen v. Gonzales, Case No. C07-0164MJP (Dkt. No. 11).

[2]  As part of its investigation of a naturalization applicant, USCIS conducts various security and background checks, including: (1) an FBI fingerprint check for information related to an applicant's criminal history; (2) an Interagency Border Inspection System name check for information regarding national security risks, public safety issues, and other law enforcement concerns from multiple law enforcement and intelligence agencies; and (3) an FBI name check, which is run against FBI investigative databases containing administrative, applicant, criminal, personnel and other files. See Weir v. Gonzales, Case No. C07-0074MJP, 2007 U.S. Dist. LEXIS 35115, at *7-8 (W.D. Wash. May 14, 2007).

ORDER - 2

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

The Court is not persuaded by the recent decision in Walji v. Gonzales, Case No. 06-20937, 2007 U.S. App. LEXIS 14450, at *8 (5th Cir. June 19, 2007), in which the Fifth Circuit held that a district court does not obtain jurisdiction over a naturalization application until 120 days after completion of the entire interview process, including the completion of all security checks. The Court is not bound by Walji, and under the Court's previous analysis, the Court obtains jurisdiction over a naturalization application when USCIS has not made a decision on the application within 120 days of the applicant's interview. See Weir, 2007 U.S. Dist. LEXIS 35115, at *4-5.

Mr. Ali was interviewed by USCIS on January 9, 2006, triggering the start of the 120-day period. Over thirteen months elapsed between the date of Mr. Ali's interview and the filing of his complaint on March 2, 2007. This period exceeds the 120-day time limit required under section 1447(b). Therefore, because over 120 days elapsed since Plaintiff's interview, this Court has subject matter jurisdiction over the issues raised in Plaintiff's complaint.

**II.    Remand With Instructions**

The Government asserts that it is ready to adjudicate Mr. Ali's naturalization application, and requests that the Court remand this case so that it may do so. See United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004) (holding that once a plaintiff files a petition for a naturalization hearing under 8 U.S.C. § 1447(b), the district court assumes exclusive jurisdiction over the naturalization application). Mr. Ali opposes remand, arguing that the Government has offered no reason why this Court should not immediately naturalize him. Mr. Ali argues that a remand without a finding of eligibility would subject Mr. Ali to more unnecessary delay, and would deprive the Court of jurisdiction to review an unlawful denial.

The most efficient course of action is to remand this matter with instructions. Mr. Ali has the burden of proving his eligibility to be naturalized. See Berenyi v. INS, 385 U.S. 630, 627 (1967). And

ORDER - 3

Congress has made criminal background checks a prerequisite to adjudication of an application for naturalization. See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997), reprinted in Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446. USCIS is the government entity best equipped to adjudicate Mr. Ali's application because USCIS processed his application, conducted his interview, and orchestrated and conducted his background investigation. Under 8 U.S.C. § 1447(b), the Court may remand, with appropriate instructions.

The Court understands that Mr. Ali is anxious because the Government has not stated that it will necessarily *grant* his application for citizenship; nevertheless, the Court will not adjudicate his application when USCIS is ready to do so. If Mr. Ali's application is denied, Mr. Ali may appeal USCIS's decision. See 8 U.S.C. § 1421(c); Bellajaro v. Schiltgen, 378 F.3d 1042, 1046 (9th Cir. 2004) ("Section 1421(c) plainly confers jurisdiction to review the denial of an application for naturalization on district courts.").

The Government states that it will adjudicate Mr. Ali's naturalization application within thirty (30) days of a remand order. The Court ORDERS that this matter be remanded to USCIS for adjudication within thirty (30) days of this order. If USCIS fails to adjudicate the matter within thirty days, Mr. Ali may move to reopen this case. Any such motion must be made within thirty (30) days of the expiration of the thirty-day window for USCIS to issue a decision on the application.

**Conclusion**

The Government has completed all background checks and is ready to adjudicate Mr. Ali's naturalization application. The Court GRANTS Defendants' motion to remand, and REMANDS this matter to be adjudicated within thirty days of this order.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 23rd day of July, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 4